**Alberto RODRIGUEZ, Petitioner–Appellant,**

v.

**C.A. TERHUNE, Respondent–Appellee.**

No. 06–55488.

United States Court of Appeals, Ninth Circuit.

Feb. 25, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

D.C. No. CV–05–06799–JFW, Central District of California, Los Angeles.

* This disposition is not appropriate for publication and is not precedent except as provided

Before TROTT, KLEINFELD and IKUTA, Circuit Judges.

### ORDER

The memorandum disposition filed on January 30, 2009, is withdrawn and replaced with the memorandum disposition filed this date.

The panel has voted unanimously to deny the petition for rehearing.

The petition for rehearing is DENIED. No further petitions for rehearing and petition for rehearing en banc will be entertained.

### MEMORANDUM *

■ Alberto Rodriguez's petition for writ of habeas corpus is denied. The district court did not abuse its discretion when it determined that Rodriguez was not entitled to an evidentiary hearing regarding his claim that his trial counsel at his third trial rendered ineffective assistance of counsel by failing to obtain and use materials discovered through earlier *Pitchess* hearings. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan,* 550 U.S. 465, 474, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007). Here, the state court held that the *Pitchess* material it received from the state trial court was the same as the *Pitchess* material originally provided to that court. Further, the state court found that the only *Pitchess* materials related to an officer who testified at trial consisted of one item Rodriguez could have used to impeach Detective Pelletier. These factual determinations are presumed correct and Rodriguez has not rebutted them with

by 9th Cir. R. 36–3.

clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Based on these facts, the state court determined, in a reasoned opinion, that trial counsel's error was not prejudicial. Because the unrebutted facts establish that trial counsel's error in failing to review the relevant *Pitchess* material was not "so serious as to deprive the defendant of a fair trial," *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the state court's determination that there was no *Strickland* violation is not contrary to or an unreasonable application of federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). Rodriguez's "inability to make a showing of prejudice under *Strickland*" bars potential habeas relief, and the need for an evidentiary hearing. *See Landrigan*, 550 U.S. at 477–78, 127 S.Ct. at 1942.

■ The state court's determination that trial counsel's failure to present the testimony of defense and private investigators to impeach key prosecution witness Tommy Merritt was not ineffective assistance of counsel, is not contrary to or an unreasonable application of federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). Because the investigators' testimony would not have been probative or would have been based on speculation, trial counsel's failure to call them was neither deficient nor prejudicial. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

The district court did not err when it determined that Rodriguez failed to properly present his claim that his defense counsel at the third trial was ineffective because he failed to call two witnesses to testify or locate another witness. Rodriguez failed to raise these claims in his federal habeas petition and did not identify these claims until his objections to the magistrate's report. Even if Rodriguez preserved the claims, the trial counsel's

decisions were within his broad discretion and did not constitute ineffective assistance of counsel. *Id.*

The government's motion to strike the addendum to Rodriguez's opening brief is granted. Because Rodriguez has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), we decline to expand the Certificate of Appealability to include these issues.

**AFFIRMED.**